UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.  1:16CR00058 AGF (ACL) |
| | ) |
| JAMES CLAY WALLER, | ) |
| | ) |
| Defendant, | ) |

**MOTION OF DEFENDANT TO SUPPRESS STATEMENTS AND EVIDENCE**

COMES NOW Defendant, JAMES CLAY WALLER, by and through undersigned counsel, and hereby moves this Court to suppress as evidence all alleged statements, oral, written, videotaped or otherwise recorded, which the Government intends to use as evidence against Defendant.  Said statements include, but are not limited to, those allegedly made by Defendant Waller to members of the Federal Bureau of Investigation, the Cape Girardeau Police Department, Missouri State Highway Patrol, Southeast Missouri State University- Department of Public Safety, Federal Bureau of Prisons, Jackson Police Department, Major Case Squad, Cape Girardeau Sheriff's Department, Illinois State Police, or any other federal or state law enforcement agency, and any and all physical evidence seized or otherwise derived from said statements.  As grounds for this motion, Defendant hereby states as follows:

**Suppression of Statements**

The statements in issue are listed below.  Defendant submits that these statements were universally subject to suppression because they were obtained through coercion and misrepresentation as to certain promises of leniency, not all captured by written summary and/or recording.

- Statements from July 10-13, 2011- Interviews at FBI-Cape Girardeau

- Statements from October 12-13, 2011 Interview at Pemiscot County Jail

- Statements from June 3-4, 2013 at FBI-Cape Girardeau

- Statements from Plea/Sentencing Hearing- June 6, 2013

- Statements from May 22, 2013 during search of Red Star Boat Ramp and surrounding area

1) Said statements were not voluntary in that:

   (a) Defendant Waller was not presented before a judge "as soon as practicable", and said statements were obtained prior to presentation before a judge, and a lawyer was not afforded him prior to or during said interrogation(s). Applied to statements, dated July 10-13, 2011, October 12-13, 2011, and May 22, 2013.

   (b) The length and nature of Defendant Waller's custody, and the duration and nature of Defendant Waller's interrogation(s), and the conditions under which it was conducted, were inherently coercive as applied to a person of Defendant Wallers's education, and physical and mental condition at the time such interrogation(s) occurred. Applied to statements, dated July 10-13, 2011, October 12-13, 2011, and May 22, 2013.

   (c) Defendant Waller was subjected to mental, physical, and psychological duress during said interrogation(s). Applied to statements, dated July 10-13, 2011, October 12-13, 2011, and May 22, 2013.

2) Said statements were made without Defendant Waller first being apprised of his constitutional rights such that Defendant would be sufficiently cognizant of the legal ramifications of waiving said rights, to wit:

   (a) Defendant Waller was not advised in clear and unequivocal terms of his right to remain silent prior to his interrogation(s). Applied to statements, dated July 10-

      13, 2011, October 12-13, 2011, and May 22, 2013.

  (b)  Defendant Waller was not advised that anything he said could and would be used against him in a court of law. Applied to statements, dated July 10-13, 2011, October 12-13, 2011, and May 22, 2013.

  (c)  Defendant Waller was not advised in clear and unequivocal terms of his right to consult with a lawyer and to have a lawyer present with him during the interrogation(s). Applied to statements, dated July 10-13, 2011, October 12-13, 2011, and May 22, 2013.

  (d)  Defendant Waller was not advised in clear and unequivocal terms that a lawyer would be appointed for him if he was indigent. Applied to statements, dated July 10-13, 2011, October 12-13, 2011, and May 22, 2013.

  (e)  Defendant Waller did not waive his right to remain silent, or his right to counsel, or his right to have counsel appointed for him. Applied to statements, dated July 10-13, 2011, October 12-13, 2011, and May 22, 2013.

 3) Said statements were extracted by coercive means. *See generally, Jackson v. Denno*, 378 U.S. 368 (1964). Here, the statements were derived via threats and/or promises of leniency (i.e. "your case is closed with a 20-year plea in State court). The threats in issue include use of Defendant's children as means to induce confession. The leniency in issue included representations to Defendant that there would be no federal case if he cooperated with state and federal authorities. Applied to statements, dated July 10-13, 2011, October 12-13, 2011, May 22, 2013, June 3-4, 2013 and the June 6, 2013 Plea/Sentencing Hearing.

**Suppression of Physical Evidence**

4)	Any physical evidence obtained as a result of the statements elicited in violation Defendant's constitutional rights are subject to suppression as "fruit of the poisonous tree", the jurisprudential offspring of the Exclusionary Rule.  This rule mandates suppression and/or exclusion at trial any evidence seized as a result of an illegal arrest, unreasonable search or coercive interrogation.  *See e.g., United States v. Villa-Gonzalez*, 623 F.3d 526 (8th Cir., 2010)(using *Wong Sun v. United States*, 371 U.S. 471, (1963) as its guideline for finding suppression necessary).  Here, we have instances of coercive interrogation (threats and promises) that require judicial redress.  It follows that use of threats, implied or otherwise, and/or promises of leniency was improper, and in violation of Defendant's rights.  Accordingly, any evidence derived therefrom must be suppressed.

5)	As this matter is somewhat convoluted, Defendant is specifically requesting suppression of the following:

- June 6, 2013 Plea/Sentencing/Conviction & any evidence derived therefrom.

- Manuscript of the book entitled, "If You Take My Kids, I Will Kill You!: True Confessions of Missouri's Most Notorious Spousal Killer"

- Reports of Medical Examiner and Forensic Autopsy and any reports or evidence related to the discovery of Jacque Sue Waller's body

- Any information, reports, evidence derived from the July 10-13, 2011 interview.

- Any information, reports, evidence derived from October 12-13, 2011 interview.

- Any information, reports, evidence derived from May 22, 2013 interview and transport of Defendant to the Red Star Boat Ramp and surrounding area.

- Any information, reports, evidence derived from June 3-4, 2013 interview and transport of Defendant to the Red Star Boat Ramp and surrounding area.

- Reconstruction reports of SA Brian Ritter

- Any other items of evidence the genesis of which were based on Defendant's statements to authorities as described above.

### Conclusion

All of the matters herein mentioned were in violation of the constitution rights of Defendant Waller under the Fourth, Fifth, and Sixth Amendments, the Due Process Clause of the Fourteenth Amendment of the United States Constitution, and under applicable sections of the Missouri State Constitution.

6) The undersigned has conferred with counsel for the Government about the issues raised in this motion and has a good faith belief and basis for seeking to suppress the matters as stated herein.

7) Upon request of this Court, Counsel for Defendant Waller will file an appropriate memorandum of law as a supplement to this motion after an evidentiary hearing wherein all relevant facts may be borne out.

WHEREFORE Defendant, JAMES CLAY WALLER, II, prays that this honorable Court suppress any and all statements the Government intends to introduce as evidence along with any evidence derived from said statements in this matter, and any further relief this Court finds just and prudent under the circumstances.

Respectfully Submitted,


THE LAW OFFICES OF JOHN M. LYNCH, LLC


<u>E/S John M. Lynch</u>
John M. Lynch, #56604MO
7777 Bonhomme Avenue, Suite 1200
Clayton, MO 63105
(314) 726-9999
(314) 726-9199 Facsimile
jlynch@lynchlawonline.com

***Attorney for Defendant James Clay Waller, II***


<b><u>Certificate of Service</u></b>

    I hereby certify that on June 1, 2017, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Larry Ferrell
Assistant United States Attorney
555 Independence Street, Room 3000
Cape Girardeau, MO 63703

<u>E/S/ John M. Lynch</u>
John M. Lynch