UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:16CR00058 AGF (ACL) |
| ) | |
| JAMES CLAY WALLER, II, ) | |
| ) | |
| Defendant. ) | |

### MOTION FOR PRODUCTION OF MEMORANDA RELATING TO INTERVIEWS WITH WITNESSES AND TO REQUIRE GOVERNMENT AGENTS TO PRESERVE THEIR ROUGH NOTES

COMES NOW Defendant, JAMES CLAY WALLER, II, by and through undersigned counsel, and hereby moves this honorable Court to require the United States Attorney to preserve and produce copies of all notes or rough notes of all interviews made by any government agent, investigator, or witness of any witnesses interviewed in connection with this case, and that the same be produced sufficiently in advance of trial to permit Defendant and Counsel for Defendant time to copy, study, digest, and consider same and prepare for rebuttal and impeachment.

Counsel for Defendant understands that members of the Federal Bureau of Investigation and other investigative agencies involved in the investigation of the alleged criminal conduct that forms the basis of the present indictment conducted multiple interviews with the Defendant and various witnesses in this matter, participated in routine surveillance of this Defendant, executed search warrants, and otherwise engaged in those activities necessary to submit a documented case to the United States Attorney for prosecutorial consideration.

In this particular matter, any rough notes generated by law enforcement agents are of special import given the procedural progression of this case, to include purported confession of this Defendant, and all of which may present as paramount during trial proceedings.  It is therefore especially critical in preparing a competent defense to the charge(s) at issue, that this Defendant have access to the investigative notes of law enforcement agents in order to fully address the conclusions and professional summaries setting forth the agents' investigative efforts in their official reports.  Simply stated, there may be some relevant issue with respect to how agents gleaned or otherwise obtained information from this Defendant and others initially, and how this information was presented in report form at a later time.  These same notes would serve to shed light on why law enforcement agents took specific action at a specific time.  This makes logistical sense in that much of this case revolves around statements purportedly made by this Defendant. Therefore, any rough notes, internal memoranda, or other unofficial materials may be the only source of specific information for the Defendant.  It also follows that said agents would therefore have to rely on their specific notes and or other unofficial documentation memorializing the events underlying what is essentially a large and complex investigation.  Defendant should have equal access to inspect these notes or other unofficial memoranda prior to any trial.

This motion is advanced to enable the Court to decide whether such notes must be produced under <u>Brady v. Maryland</u> or under the Jencks Act. That decision, of course, is for the Court, not the Government, to make. <u>See</u> <u>United States v. Harrison</u>, 524 F.2d 421 (D.C. Cir. 1975); 18 U.S.C. §3500.

Any asserted law enforcement agency practice of destroying handwritten notes after preparation of witness interview reports is not justified on either the grounds that preservation of the notes would impose an intolerable burden on the Government or that all of the information contained therein was reproduced in the report.  See United States v. Maynard, 476 F.2d 1170, 176-78 (D. C. Cir. 1973); United States v. Bundy, 472 F.2d 1266, 1267 (D. C. Cir. 1972).  In United States v. Terrell, 474 F.2d 872, 877 (2nd Cir. 1973), the Second Circuit held that when law enforcement officers destroy their notes in good faith, the Jencks Act imposes no duty on them to retain rough notes if the contents thereof have been incorporated in official records.  The purpose of this motion is to place the Government on notice that any destruction of their rough notes cannot be in good faith as of this time forward.  The thrust of Terrell is that such rough notes are producible -- except when they are destroyed in good faith, and it is the position of Defendant that no destruction can be in good faith after Defendant's request for preservation of such rough notes.

In this instance, Defendant contends that certain promises were made in exchange for his cooperation, including admission to the crime(s) in issue, and that said promises were made outside of the recorded interview conducted by federal agents on June 3, 2013.  Such information is discoverable pursuant to *Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972) as it is potentially exculpatory.  That alone should be sufficient to order preservation of such notes for examination.  To add specificity to this request, Defendant would also state that there exists a series of interviews during which local and federal investigators sought information relating to the disappearance of Jacque Sue Waller.  These particular interviews took place telephonically and in person.  Additionally, some interviews were recorded and some were not.  It is Defendant's position that certain notes were taken during these interviews which may prove relevant to the issue of promises for cooperation,

3

otherwise not captured where recorded. Furthermore, the interviews that were recorded are absent additional information, such as whether the recording captured the entirety of the interview, conversation prior to after, etc. The June 3, 2013 interview with federal agents proves poignant in that regard, as there existed several instances where the recorded portion of the interview was stopped for various reasons. It follows that the other pre-June 3rd interviews may have had operated under similar circumstances.

    The undersigned has conferred with counsel for the Government about the issues raised in this motion and has a good faith belief and basis for seeking the materials herein stated.

Respectfully Submitted,

THE LAW OFFICES OF JOHN M. LYNCH, LLC

E/S John M. Lynch
JOHN M. LYNCH #56604MO
7777 Bonhomme Avenue, Suite 1200
Clayton, MO 63105
(314) 726-9999
(314) 726-9199 Facsimile
jlynch@lynchlawonline.com

**Attorney for Defendant James Clay Waller, II**

4

## Certificate of Service

  I hereby certify that on June 1, 2017, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Larry H. Ferrell
Assistant United States Attorney
555 Independence Street, Room 3000
Cape Girardeau, MO 63703

            E/S John M. Lynch